IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDY PEOPLE, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| DALECARLIA CHOCOLATES AB | § § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

Plaintiff Candy People, LLC ("Candy People") files this Complaint by which it seeks a declaratory judgment against Defendant Dalecarlia Chocolates AB ("Dalecarlia"). In support thereof, Candy People would respectfully show the Court as follows:

### Nature of the Dispute

1. Candy People institutes the instant action in an effort to protect itself from Dalecarlia's wrongful efforts to stymie Candy People's lawful and successful business operations. As is relevant to the instant dispute, Candy People manufactures, markets, and sells its popular line of Dala Horse Candy products (the "Products") to retailers located throughout the United States. In the past nine months, Candy People has received multiple cease and desist letters from Dalecarlia, in which Dalecarlia has demanded that Candy People shut down its operations based on Dalecarlia's federal registration for a traditional Dala Horse design, United States Registration No. 2579093 (the "Dala Horse Mark" or the "Mark"). However, Dalecarlia's persistent harassment is misplaced because the Mark represents a facially invalid design that will never be confused with Candy People's Products.

1

2. Accordingly, Candy People seeks to protect its business from Dalecarlia's continued obstruction by obtaining a judicial declaration that: (1) the Mark is not eligible for trademark protection under any applicable state or federal law; and/or (2) Candy People's marketing, manufacturing, and selling of its Products does not infringe on the purported Mark.

## Parties

3. Candy People is a company organized and existing under the laws of the State of Texas, with its principal place of business at 660 North Central Expressway, Suite 240, Plano, Texas 75074.

4. Dalecarlia is a company organized and existing under the laws of Sweden, with its principal place of business located at Hedvägen 21 B, 785 42 Mockfjärd, Sweden. Pursuant to Federal Rule of Civil Procedure 4(f)(1), service upon Dalecarlia is proper through the means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). In accordance with Article 5 of the Hague Convention, Dalecarlia may be served by forwarding a properly formatted request, summons, and complaint to the Swedish Central Authority for International Service of Documents located at Länsstyrelsen i Stockholms län, Box 22067 SE-104 22 Stockholm, Sweden in the method prescribed by the internal laws of Sweden for the service of documents in domestic actions upon persons who are within its territory.

## Jurisdiction and Venue

5. Pursuant to 28 U.S.C. §§ 2201, 2202 and 15 U.S.C. §§ 1051 *et seq.*, Candy People seeks a judicial declaration to resolve a question of actual controversy between the parties. In

particular, Candy People seeks to resolve a dispute as to whether it may manufacture, market, and sell its Products in the United States over Dalecarlia's persistent objections.

6. Dalecarlia has sent Candy People two cease and desist letters in which it demanded that Candy People Stop selling its Products.

7. However, Candy People contends that it may lawfully manufacture, market, and sell its Products, notwithstanding Dalecarlia objections. Further, Candy People has taken definite and concrete steps to manufacture, market, and sell its Products. Indeed, Candy People's Products are widely known and carried by prominent retailers throughout the United States—none of which stock or sell any products manufactured by Dalecarlia.

8. Therefore, an actual, substantial, and justiciable controversy exists between Candy People and Dalecarlia on which Candy People requires a declaration of rights by this Court.

9. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this district under 28 U.S.C. § 1391(a), (d).

11. This Court has personal jurisdiction over Dalecarlia because it has purposely availed itself of the privilege of conducting business in the State of Texas. To this point, Dalecarlia has placed its products within the stream of commerce with knowledge that these products will ultimately reach this State. Indeed, upon information and belief, Dalecarlia sells its products to at least one distributor that has shipped Dalecarlia's products to retailers within the State of Texas.

**Factual Allegations**

12. On June 11, 2002, the United States Patent and Trademark Office issued a registration to Hardmetallservice i Mockfjard AB ("Hardmetallservice") for the Dala Horse Mark. The Mark consists of a three-dimensional design "in the form of a stylized horse" and is registered under International Class No. 30 for use in connection with "candy; chocolate; frozen confections." A true and correct copy of the purported Dala Horse registration is attached hereto as Exhibit "A" and is incorporated by reference as if fully set forth herein.

13. A Dala Horse is a traditional carved, painted horse statuette that originates from the Swedish province Dalarna. The Dala Horse is distinctively shaped and its appearance has a unique and special significance in Swedish culture. Indeed, the mere depiction of a Dala Horse immediately suggests or invokes a strong connection with Swedish culture and heritage.

14. Candy People manufactures, markets, and sells a popular line of Products that are shaped in a manner that includes several characteristics of a traditional Dala Horse. However, Candy People has intentionally devoted considerable time and resources to design its Products so that they have noteworthy characteristics that are patently distinguishable from the traditional Dala Horse shape. These modifications include the implementation of non-traditional shapes, as well as the inclusion of unique designs on the surface of the Products. The foregoing has resulted in a new Product that is by its own merits distinctive and distinguishable from any other products existing in the marketplace.

15. Accordingly, Candy People's Products are themselves distinctive and will never be confused with the traditional Dala Horse design depicted in Dalecarlia's Mark.

16. Upon information and belief, Hardmetallservice and Dalecarlia merged on or about January 5, 2016. Thereafter, the resulting entity assumed the moniker "Dalecarlia Chocolates AB."

17. On December 5, 2016, counsel for Dalecarlia sent Candy People[1] a cease and desist letter wherein Dalecarlia: (1) asserted that Candy People's Products infringe on the Dala Horse Mark; and (2) demanded that Candy People cease and desist manufacturing, marketing, and selling its Products (the "Initial Demand Letter"). Therein, Dalecarlia threatened that it would "take all legal measures necessary to defend their [sic] rights, including to bring legal proceedings without any further notice," if Candy People refused to shut down its operations. A true and correct copy of the Initial Demand Letter is attached hereto as Exhibit "B" and is incorporated by reference as if fully set forth herein.

18. As Candy People's sales and operations are both valid and non-infringing, Candy People continued to manufacture, market, and sell its Products. On July 31, 2017, Dalecarlia sent another cease and desist letter to Candy People in which Dalecarlia reiterated its allegation that Candy People's Products infringed on the Dala Horse Mark and again threatened to "take all steps necessary to protect Dalecarlia's interests" (the "Subsequent Demand Letter"). A true and correct copy of the Subsequent Demand Letter is attached hereto as Exhibit "C" and is incorporated by reference as if fully set forth herein.

---

[1] In what appears to be an inadvertent typographical error by Dalecarlia's counsel, the Initial Demand Letter was addressed to "Candy People ULC"—a Canadian company affiliated with Candy People. *See* Ex. B. However, the Initial Demand Letter was properly addressed and delivered to Candy People at its principal place of business. *See id.* Further, the Subsequent Demand Letter, which was posited as a follow-up to the Initial Letter, was properly addressed to Candy People. *See* Ex. C.

## Count I – Declaratory Judgment
### (The Dala Horse Mark is Not a Valid Trademark)

19. Candy People incorporates the foregoing paragraphs as if fully set forth herein.

20. An actual, substantial, and justiciable controversy exists between Candy People and Dalecarlia regarding whether a claim exists for trademark infringement under 15 U.S.C. §§ 1051 *et seq*. To resolve this controversy, Candy People seeks a judicial declaration that the Dala Horse Mark is not eligible for trademark protection under any applicable state or federal law.

21. The Dala Horse Mark is not entitled to registration with the United States Patent and Trademark Office—on either the principal or supplemental register—because it does not comply with one or more provisions of the Lanham Act (15 U.S.C. §§ 1051 *et seq*.). In particular, the Dala Horse Mark wholly fails to comply with Section 2 of the Lanham Act because it: (1) falsely suggests a connection with a national symbol, and (2) is aesthetically functional. *See* 15 U.S.C. § 1052.

22. Candy People therefore requests that the Court issue a declaratory judgment that the Dala Horse Mark, U.S. Reg. No. 2579093, is facially invalid, is not eligible for registration on either the principal or supplemental register of the United States Patent and Trademark Office, and should be cancelled.

23. In the same regard—and for the same reasons—Dalecarlia has not obtained and may not obtain any other federal, state, or common-law trademark rights in the Dala Horse Mark. Accordingly, Candy People requests that the Court likewise issue a declaratory judgment that the Dala Horse Mark is not eligible for federal, state, or common law trademark

protection—and by extension, that Dalecarlia may not enforce any trademark rights under § 43 of the Lanham Act, 15 U.S.C. § 1125 or any substantially equivalent state statute.

### Count II – Declaratory Judgment
### (Non-infringement of Federal Registration No. 2579093)

24. Candy People incorporates the foregoing paragraphs as if fully set forth herein.

25. As discussed in above, the Dala Horse Mark is invalid and not entitled to any trademark protection. Accordingly, Dalecarlia may not contend that Candy People's Products infringe upon its right under § 43 of the Lanham Act, 15 U.S.C. § 1125 or any substantially equivalent state statute.

26. In conjunction with, and/or in the alternative to, the relief sought above, Candy People seeks a judicial declaration that its Products have not and do not infringe on any rights Dalecarlia may hold in the Dala Horse Mark.

27. An actual, substantial, and justiciable controversy exists between Candy People and Dalecarlia regarding whether a claim exists for trademark infringement under 15 U.S.C. §§ 1051 *et seq.*

28. Candy People Products have not and will not infringe on any valid or enforceable right Dalecarlia may hold in the Dala Horse Mark. Candy People's manufacturing, marketing, and sale of its Products is not likely to cause confusion, or to cause mistake, or to deceive and therefore does not infringe any enforceable rights Dalecarlia may assert in the Mark.

29. A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy. Candy People is therefore entitled to a declaratory judgment that

its Products have not and do not infringe on any rights Dalecarlia may hold in the Dala Horse Mark.

## Jury Demand

30. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury.

## Prayer

For these reasons, Candy People, LLC respectfully requests that the Court:

a. Declare that the Dala Horse Mark, United States Registration No. 2579093, is not entitled to registration with the United States Patent and Trademark Office—on either the principal or supplemental register—because it fails to meet the conditions for registration and/or otherwise comply with the requirements of 15 U.S.C. § 1052;

b. Order the cancellation of the Dala Horse Mark, United States Registration No. 2579093, pursuant to this Court's power under 15 U.S.C. § 1119;

c. Declare that Dalecarlia has not obtained and may not obtain any federal, state, or common-law trademark rights to the Dala Horse Mark, and therefore Dalecarlia may not enforce any such rights under § 43 of the Lanham Act, 15 U.S.C. § 1125 or any substantially equivalent state statute;

d. Declare that Candy People's Products have not and do not infringe on the Dala Horse Mark, United States Registration Number 2579093;

e. Enjoin Dalecarlia, its agents, servants, employees, and/or attorneys from initiating or otherwise pursuing infringement litigation, from otherwise

participating or assisting in infringement litigation, and from threatening Candy People or any of its customers, dealers, agents, servants, or employees with infringement litigation, or charging any of them either verbally or in writing with infringement of the Dala Horse Mark;

f. Award Candy People such other and further relief as to which it may be entitled.

    Respectfully Submitted,

/s/ John Polzer
John Polzer (State Bar No. 24042609)
Scott Fredricks (State Bar No. 24012657)
Stephen J. Huschka (State Bar No. 24097861)
CANTEY HANGER LLP
600 W. 6th Street, Suite 300
Fort Worth, TX, 76102
Telephone: (817) 877-2800
Fax: (817) 877-2807
Email:   jpolzer@canteyhanger.com
          sfredricks@canteyhanger.com
          shuschka@canteyhanger.com

**Attorneys for Candy People, LLC**

# EXHIBIT A

Case 3:17-cv-02085-B   Document 1   Filed 08/07/17   Page 10 of 18   PageID 10

**Generated on:** This page was generated by TSDR on 2017-08-07 16:50:57 EDT

**Mark:**



| | | | |
|---|---|---|---|
| **US Serial Number:** | 75541110 | **Application Filing Date:** | Aug. 24, 1998 |
| **US Registration Number:** | 2579093 | **Registration Date:** | Jun. 11, 2002 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | The registration has been renewed. | | |
| **Status Date:** | May 22, 2012 | | |
| **Publication Date:** | Sep. 21, 1999 | **Notice of Allowance Date:** | Dec. 14, 1999 |

## Mark Information

**Mark Literal Elements:** None
**Standard Character Claim:** No
**Mark Drawing Type:** 2 - AN ILLUSTRATION DRAWING WITHOUT ANY WORDS(S)/ LETTER(S)/NUMBER(S)
**Description of Mark:** The mark consists of a three-dimensional configuration of the goods in the form of a stylized horse.
**Lining and Stippling Statement:** The stippling in the drawing is intended to show the three-dimensional nature of the mark and is not an indication of color.
**Design Search Code(s):** 03.05.01 - Horses

## Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** candy; chocolate; frozen confections
**International Class(es):** 030 - Primary Class       **U.S Class(es):** 046
**Class Status:** ACTIVE
**Basis:** 1(a)
**First Use:** Nov. 20, 2001       **Use in Commerce:** Nov. 20, 2001

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |

| | | | | | |
|---|---|---|---|---|---|
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

**Owner Name:** Hardmetallservice i Mockfjard AB

**Owner Address:** P. O. Box 25
Mockfjard S780 40
SWEDEN

**Legal Entity Type:** CORPORATION      **State or Country Where Organized:** SWEDEN

## Attorney/Correspondence Information

### Attorney of Record

**Attorney Name:** David R Haarz      **Docket Number:** 10400-200697

**Attorney Primary Email Address:** dcdocketing@hdp.com      **Attorney Email Authorized:** Yes

### Correspondent

**Correspondent Name/Address:** David R Haarz
Harness, Dickey & Pierce, PLC
11730 Plaza America Dr
Suite 600
Reston, VIRGINIA 20190
UNITED STATES

**Phone:** 703-668-8042      **Fax:** 703-668-8200

**Correspondent e-mail:** dcdocketing@hdp.com      **Correspondent e-mail Authorized:** Yes

### Domestic Representative

**Domestic Representative Name:** Harness, Dickey & Pierce, PLC      **Phone:** 703-668-8000

**Fax:** 703-668-8200

**Domestic Representative e-mail:** dcdocketing@hdp.com      **Domestic Representative e-mail Authorized:** Yes

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| May 22, 2012 | NOTICE OF ACCEPTANCE OF SEC. 8 & 9 - E-MAILED | |
| May 22, 2012 | REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS) | 68502 |
| May 22, 2012 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED | 68502 |
| May 22, 2012 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 68502 |
| May 15, 2012 | TEAS SECTION 8 & 9 RECEIVED | |
| Oct. 09, 2008 | NOTICE OF DESIGN SEARCH CODE MAILED | |
| Oct. 29, 2007 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | 60234 |
| Oct. 29, 2007 | ASSIGNED TO PARALEGAL | 60234 |
| Oct. 05, 2007 | REGISTERED - SEC. 8 (6-YR) & SEC. 15 FILED | |
| Oct. 05, 2007 | PAPER RECEIVED | |
| Sep. 13, 2007 | CASE FILE IN TICRS | |
| Jun. 11, 2002 | REGISTERED-PRINCIPAL REGISTER | |
| Jan. 07, 2002 | ALLOWED PRINCIPAL REGISTER - SOU ACCEPTED | |
| Jan. 03, 2002 | ASSIGNED TO EXAMINER | 68625 |
| Dec. 19, 2001 | STATEMENT OF USE PROCESSING COMPLETE | |
| Dec. 03, 2001 | USE AMENDMENT FILED | |
| Jun. 21, 2001 | EXTENSION 3 GRANTED | |
| May 23, 2001 | EXTENSION 3 FILED | |

| Date | Event | |
|---|---|---|
| Jan. 21, 2001 | EXTENSION 2 GRANTED | |
| Nov. 20, 2000 | EXTENSION 2 FILED | |
| Jun. 01, 2000 | EXTENSION 1 GRANTED | |
| Apr. 05, 2000 | EXTENSION 1 FILED | |
| Dec. 14, 1999 | NOA MAILED - SOU REQUIRED FROM APPLICANT | |
| Sep. 21, 1999 | PUBLISHED FOR OPPOSITION | |
| Aug. 20, 1999 | NOTICE OF PUBLICATION | |
| May 24, 1999 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Apr. 29, 1999 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Jan. 06, 1999 | NON-FINAL ACTION MAILED | |
| Dec. 30, 1998 | ASSIGNED TO EXAMINER | 75598 |

## Maintenance Filings or Post Registration Information

**Affidavit of Continued Use:** Section 8 - Accepted

**Affidavit of Incontestability:** Section 15 - Accepted

**Renewal Date:** Jun. 11, 2012

## TM Staff and Location Information

**TM Staff Information - None**
**File Location**

**Current Location:** GENERIC WEB UPDATE     **Date in Location:** May 22, 2012

# EXHIBIT B



RAMBERG

Candy People ULC
660 N. Central Expressway
Suite 240
Plano, Texas 75074
USA

Email:      infoUSA@candypeople.com

Stockholm, December 5th 2016

**Concerning the unauthorized use of Dalecarlia Chocolate AB's trademark rights**

We contact you in the name, and on behalf of our client, Dalecarlia Chocolates AB ("**Dalecarlia**").

We refer to our earlier correspondence with Candypeople AB in Sweden. On November 3rd 2016 we sent a cease and desist letter to Candypeople.

Dalecarlia is a Swedish company established in 1997 in Dalarna, Sweden. Dalecarlia is the manufacturer and distributor of a Dala Horse shaped candy and is the owner of several global trademark registrations for Dala Horse shaped candy, for instance in the US (registration number 2579093), please see appendix 1. For more information on our client please visit their webpage, *www.dcchoklad.se*.

We have noted that Candy People ULC ("Candy People"), despite the above mentioned cease and desist letter, is still marketing, manufacturing and distributing a Dala Horse shaped candy, i.e. on your webpage *www.candypeople.us*, see appendix 2. Since Dalecarlia has the sole right to market, manufacture and distribute Dala Horse shaped candy, chocolate, and confectionery, your use is infringing Dalecarlia's trademark rights. Candy People does not have any license, or other rights that allows the use of Dalcarlia's trademark. Dalecarlia is very concerned about this matter.

The impact of a registered trade mark is that no one, other than the proprietor, can use an identical or confusingly similar sign to identify their business.

For Dalecarlia, the company's intellectual property rights form an essential and particularly valuable asset. It is therefore Dalecarlia's intention to take all measures necessary to claim their rights and protect its business.

Therefore, in light of the above, our client urges you to immediately cease the marketing, manufacturing and distributing of Dala Horse shaped candy. We ask you to promptly in writing confirm to the undersigned that:

Ramberg Advokater KB
Jakobsbergsgatan 13
Box 3137
103 62 Stockholm
Sweden
Phone +46 8 546 546 00
Fax +46 8 546 546 99
www.ramberglaw.se
Reg.no 969776-1121
VAT No SE969776112101
Domicile: Stockholm



1. all marketing, manufacturing and distribution of infringing Dala Horse shaped candy, as referred to in this letter, have stopped;
2. that you have withdrawn all infringing products from your resellers; and that
3. you will send complete information regarding sales coverage as well as a presentation of your chain of distributors.

In the event Candy People does not comply with this request, Dalecarlia reserves the right to take all legal measure necessary to defend their rights, including to bring legal proceeding without any further notice. In addition, Dalecarlia reserves the right to seek compensation for the damaged caused by Candy People's infringement.

As above,
RAMBERG ADVOKATER

Tom Kronhöffer

# EXHIBIT C



**Epstein Drangel LLP**
60 East 42nd Street, Suite 2520, New York, NY 10165
T: 212.292.5390 • E: mail@ipcounselors.com
www.ipcounselors.com

July 31, 2017

Attention: President

Candy People LLC

660 North Central Expressway, Suite 240

Plano, Texas 75074

      Re: <u>Unauthorized Use of Dalecarlia Chocolate AB's Stylized Horse, U.S. Reg. No. 2,579,093</u>

Dear Sir/Madam:

      We are U.S. intellectual property counsel to Dalecarlia Chocolate AB ("Delacarlia"). On December 5, 2016, Candy People LLC ("Candy People") was placed on notice of Delacarlia's trademark rights for a three dimensional configuration of a stylized horse for candy, U.S. Reg. No. 2,579,093 ("Dalecarlia Registration") and was required to immediately cease sales of candy that incorporated the rights in the Delacarlia Registration ("Warning Letter"). Attached hereto as Exhibit A is a copy of the Warning Letter. The Dalecarlia Registration is valid, subsisting and incontestable. We have been advised, and have independently confirmed, that Candy People has chosen to ignore Delacarlia's Warning Letter and continues to actively market and sell candy that directly infringes the trademark rights protected by the Delacarlia Registration. As you might expect, this is very concerning to Delacarlia since the intellectual property right protected by the Delacarlia Registration is one of, if not the most important asset owned by Delacarlia.

      Accordingly, we have been retained to take all steps necessary to protect Delacarlia's interest in the United States in the event you do not comply with the terms of the Warning Letter **by no later than August 7, 2017**. Delacarlia hereby reserves and any and all rights.

      Very truly yours,

      Jason M. Drangel

Cc: Delacarlia Chocolate AB

Enclosures